PER CURIAM:
Claimants brought this action for damage to their 1999 GMC Sierra which occurred when claimant Lee Cooke was traveling on Route 4 in Braxton County and the vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of Route 4. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 20, 2002, between 7:30 p.m. and 8:00 p.m. Claimant Lee Cooke was traveling southbound on Route 4 between Flatwoods and Gassaway. He had been to the Heart Transplant Center in Pittsburgh and he was on his way home to Gassaway. The weather was clear and dry. The road surface was also dry. Claimant had the vehicle headlights on. Mr. Cooke was approximately four miles from his home and approximately one mile south of the 1-79 exit when he proceeded around a slight curve to the right. Once he drove around the curve, he suddenly saw three rocks in the road. The largest rock was in the middle of his lane of travel and the two smaller rocks were scattered towards the center line of the road. He stated that he did not have time to apply his brakes. He maneuvered the vehicle to avoid striking the largest rock head-on. However, the passenger side of the vehicle and the right rear tire struck the rock causing significant damage. Mr. Cooke drove the vehicle a short distance and maneuvered it off of the road. He telephoned his wife who in turn made a telephone call to 911 for help. Mr. Cooke described the rock his vehicle struck as being approximately the size of a “twenty- seven inch portable television.” He also estimated that it weighed approximately two thousand pounds. Mr. Cooke stated that he travels this portion of Route 4 almost everyday. In his opinion, the rocks fell from a cliff on the right side of the southbound lane. He stated that this cliff has a large number of rocks on it and that there have been numerous rock falls at this location as a result. He testified that he has lived near this location for eleven years and he has observed rocks on the road at this location approximately five times. He also stated that in his opinion there should be guardrail in place at this location to stop the rocks from reaching the road. In addition, Mr. Cooke stated that he does not recall seeing “rock fall” warning signs at or near this location. Claimants have comprehensive insurance coverage which covers this damage with a deductible feature of $500.00. Claimants submitted into evidence a repair estimate in the amount of $751.75. Claimants seek reimbursement for the cost of their insurance deductible in the amount of $500.00.
*297 Claimants allege thatrespondent knew or should have known of this ro ck fall and failed to take adequate remedial action. Claimantalso alleges that respondent has failed to adequately warn the traveling public of a hazardous condition.
Respondent asserts that it had no notice of the rock fall and that it acted reasonable in placing the rock fall warning signs near the location of this incident.
Jack Belknap, maintenance supervisor for respondent in Braxton County at the time of this incident, testified that his responsibilities include maintaining the roads. He testified that Route 4 is a two-lane, asphalt highway. It has a yellow center line and white lines on the edges. It is approximately twenty two feet wide and is a priority one road. Mr. Belknap is familiar with the location of this incident and stated that it is a known rock fall area. He testified that there are approximately five rock falls at this location each year. He also testified that there is a “falling rock” warning sign approximately nine hundred feet prior to the location of this incident and that Mr. Cooke would have passed the sign just prior to this incident. According to Mr. Belknap, the sign has been present since at least August 2001.
Gary Moore, assistant supervisor for respondent in Braxton County at the time of this incident, testified that he became aware of this rock fall after Braxton Control 911 Center called him at approximately 8:30 p.m. Mr. Moore then called an assistant who drove to the scene and observed that two night shift mechanics were already removing the rocks from the road. Mr. Moore also testified that this location has a high number of rock fall incidents. According to Mr. Moore, this location has more rock fall incidents.than.any other area in Braxton County. He estimated that there are probably four or five rock fall incidents at this location each year.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl.103 (1986); Pritt v. Dept. of Highhways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award.
Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Hiighhway, 11 Ct 24
In the present claim, claimants failed to establish sufficient evidence that respondent failed to take adequate measures to protect the safety of the traveling public on Route 4 in Braxton County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location and respondent reacted as soon as it received notice to the scene of this incident to remove the rocks from the road. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.